**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**                    **CRIMINAL NO. 10-20454**

          **Plaintiff,**                         **HON. MARIANNE O. BATTANI**

**v.**

**D-1  YU QIN,**
  **aka YU CHIN,**

**and**

**D-2  SHANSHAN DU,**
  **aka SHANNON DU,**

          **Defendants.**

_____

**STIPULATED PROTECTIVE ORDER**
**PURSUANT TO 18 U.S.C. § 1835**

The defendants in this case have requested discovery pursuant to Rule 16 of the

Federal Rules of Criminal Procedure.  The United States of America anticipates that

documents and other information it will disclose in discovery to the defendants may

contain confidential and proprietary information, including alleged trade secrets, of

General Motors Company and other companies.  Because disclosure of these documents

is necessary in order to allow the defendants to prepare their defense, such disclosure is

being permitted solely subject to the procedures set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE

PARTIES AND ORDERED BY THE COURT that the following procedures shall govern

the designation, handling, and use of any alleged confidential and proprietary information

furnished by the government to the defense in the course of pretrial discovery:

      I.        Confidential Discovery Material; Restrictions on Use

      A.      The government shall designate information as subject to this Order by

marking it as "Confidential Discovery Material."  Electronic or digital storage devices

containing Confidential Discovery Material shall be labeled on the outside of the media

as "Confidential Discovery Material."  In the event that documents are printed by the

defense from an electronic or digital storage device which has been designated as

"Confidential Discovery Material," the first page of each such printed document shall be

labeled "Confidential Discovery Material" by the defense immediately after it is printed.

      B.      The defendants' counsel may, at their request, inspect the original

documents disclosed by the government as "Confidential Discovery Material" at a

reasonable time before trial.

      C.      Confidential Discovery Material furnished by the United States shall only

be used as necessary for the purpose of conducting pre-trial, trial, and appellate

proceedings in this case and for no other purpose whatsoever.

      D.      Nothing in this Order shall in any way preclude or restrict the right of any

party to use, refer to, or recite any Confidential Discovery Material in connection with

any pleadings or motions provided that such materials are filed under seal pursuant to

paragraph IV of this Stipulated Protective Order.  Specific procedures respecting the use of Confidential Discovery Material at trial or at pre-trial or post-trial hearings will be resolved at or before the time of the trial or hearing in question.

II.     Permissible Disclosure of Confidential Discovery Material

A.     Confidential Discovery Material shall not be shown, revealed, released, disclosed, or communicated in any way, including orally, electronically or in writing, by the defense to any person, directly or indirectly, except as permitted by this Order. Confidential Discovery Material may be disclosed only to:

1.      The Court and persons employed by the Court, in accordance with the provisions of Section IV below.

2.      Counsel of record representing the defendants in this case (hereinafter "counsel of record") and other attorneys, paralegals, law clerks, investigators, and any secretarial or legal assistants who (i) are directly employed by counsel of record in the representation of the defendants, as an employee or independent contractor, in connection with this criminal case, and (ii) need access to Confidential Discovery Material and information contained therein for the defense of the criminal case and (iii) execute an Affidavit in the form annexed hereto as Attachment A, acknowledging that he or she agrees to be bound by the terms of this Stipulated Protective Order and consents to the jurisdiction of the United States District Court for the Eastern District of Michigan in connection with all issues, disputes, or other matters pertaining to this Stipulated

3

Protective Order including, but not limited to, the enforcement thereof.  Executed

affidavits shall be filed *ex parte, in camera* and under seal with the Court.

        3.      The defendants in this case, but only to the extent deemed reasonably

necessary by defense counsel to prepare for proceedings in this case and provided that the

following procedures are followed for the defendants' review of Confidential Discovery

Material.  Confidential Discovery Material will be disclosed to and viewed by a defendant

solely in the presence of and under the direct supervision of his or her counsel of record,

or an individual who meets the criteria set forth in II.A.2. or II.A.4 of this order and who

has complied with the provisions of IIA.2 or II.A.4.  A defendant may take notes

regarding hard copies of the Confidential Discovery Material in the presence of his or her

counsel of record but the defendant may not retain notes or copies of those notes.  Notes

taken by a defendant regarding Confidential Discovery Material will be collected by his

or her counsel of record and maintained in accordance with Section III below.  The

defendants shall not be permitted to retain either hard copies of Confidential Discovery

Material or any electronic storage device containing such material.

      Disclosure to a defendant of Confidential Discovery Material shall not be made

until he or she (1) is provided with a copy of this Stipulated Protective Order; and  (2)

executes an Affidavit in the form annexed hereto as Attachment A, acknowledging that he

or she agrees to be bound by the terms of this Order and consents to the jurisdiction of the

United States District Court for the Eastern District of Michigan in connection with all

issues, disputes, or other matters pertaining to this Order including, but not limited to, the

enforcement thereof. The executed affidavit shall be filed *ex parte, in camera,* and under

seal with the Court

4.      Experts consulted by defense counsel to furnish technical or expert services

or  to testify in the proceedings in this case who do not work as a consultant, employee, or

agent of an Original Equipment Manufacturer (OEM) or a supplier of hybrid-related

components to an OEM.  However, before any Confidential Discovery Material produced

by the government is made available to an expert consulted by the defense who is a

current consultant, employee, or agent of an OEM or a supplier of hybrid vehicle-related

components to an OEM, the defense must provide written notice to the government of its

intent to disclose Confidential Discovery Material to the named expert.  The government

may object to such disclosure for good cause.  Once an objection has been made, no

Confidential Discovery Material may be disclosed to the named expert unless and until

the objection has been resolved by the Court.

    Disclosure to any expert  may be made only to the extent deemed reasonably

necessary by counsel to prepare for the proceedings in this case, provided, however, that

prior to disclosure any expert: (1)  is provided with a copy of this Stipulated Protective

Order; and (2)  executes an Affidavit in the form annexed hereto as Attachment  A,

acknowledging that he or she agrees to be bound by the terms of this Order and consents

to the jurisdiction of the United States District Court for the Eastern District of Michigan

in connection with all issues, disputes, or other matters pertaining to this Order including,

5

but not limited to, the enforcement thereof.   Executed affidavits shall be filed *ex parte, in camera,* and under seal with the Court.

No information provided to any expert may be reproduced, copied, disclosed or shared by the expert with any other person except counsel of record, or staff, in accordance with Section II.A.2,  the defendants in accordance with Section II.A.3, and, to the extent necessary, the Court.

The procedures outlined within this Stipulated Protective Order shall govern the expert's use, maintenance, disclosure, and safekeeping of Confidential Discovery Materials, except that the expert may maintain Confidential Discovery Material at his office, but only under the same secure conditions provided in Section III.

B.      Any other person the parties agree upon in writing.

III.  Measures To Protect Confidential Discovery Material

A.      All necessary measures shall be taken to preserve and protect the confidentiality of any Confidential Discovery Material.  All Confidential Discovery Material shall be kept in the offices of defendants' counsel of record and neither this material nor any copies of this material, excerpts, summaries or notes of the material, and documents referencing such material, shall leave the offices of defendants' counsel of record for any purpose except submission under seal to the Court and disclosure to experts.

B.      When not in use, all material designated as "Confidential Discovery

Material," including any excerpts, summaries, or notes of the material, and documents

referencing such materials, shall be kept in a locked area or locked cabinet inaccessible to

persons who have not executed an Affidavit in the form annexed hereto as Attachment A.

Confidential Discovery Material shall only be maintained on computers that have

adequate safeguards and firewalls to protect from outside intrusion.

IV.   Filing Under Seal

A.   Any pleadings or submission to the Court that discloses Confidential

Discovery Material shall be filed with the Court under seal and shall remain under seal

until further order of the Court.   Confidential Discovery Material filed under seal shall be

filed with the Clerk of the Court in sealed envelopes prominently marked with the caption

of this case and the notation: "FILED UNDER SEAL, Contains Classified Discovery

Material, To Be Opened Only As Directed By The Court."

V.   Procedures Upon Conclusion of Case

A.   Not later than thirty (30) days after the final judgement in this case or the

issuance of a mandate after an appeal from any judgement, counsel for defendant shall 1)

return to the government all Confidential Discovery Material (including all copies,

excerpts, and summaries thereof); and 2) disclose to the government the identity of any

person to whom disclosure of Confidential Discovery Material was made.  Defendants'

counsel may, within thirty days after the final judgment in this case or the issuance of a

mandate after an appeal from any judgement, for good cause, file a motion with the Court

for modification of the obligation to disclose to the government the identity of any person

to whom disclosure of Confidential Discovery Material was made.  This obligation shall

then be stayed until the motion is resolved.

       B.      With respect to the copies provided to experts under Section II.A.4, all

copies of Confidential Discovery Material (including all copies, excerpts, and summaries

thereof) shall be returned to counsel of record within seven days following the earlier of:

(i) the entry of a final judgment, or the issuance of a mandate on appeal from a final

judgment, termination of these proceedings, or (ii)  when the expert no longer needs such

copies in order to assist in the defense of this case.  With respect to each expert to whom

defense counsel has made disclosure of Confidential Discovery Material, defense counsel

shall submit a certificate to the Court *in camera* and under seal that the expert has

returned to defense counsel all Confidential Discovery Material (including all copies,

excerpts, and summaries thereof).

VI.    Effect of This Stipulated Protective Order

       A.      The provisions of this Stipulated Protective Order shall, absent further order

of the Court, continue to be binding throughout and after the final judgment in this case,

or the issuance of a mandate after an appeal from a final judgment in this case.   The final

resolution of this case shall not relieve any person who had received Confidential

Discovery Material from the obligations imposed by this Stipulated Protective Order, and

the Court shall retain jurisdiction after such final determination for the limited purpose of

enforcing the provision of this Stipulated Protective Order.

       B.      Persons subject to this Stipulated Protective Order are advised that any

breach of this Order may result in the termination of their access to Confidential

Discovery Material and may subject them to contempt of Court.

C.     Nothing in this Stipulated Protective Order shall be construed as an

admission by defendant that any Confidential Discovery Material is proprietary to GM <u>or</u>

<u>any other company</u>, or a "trade secret" as defined in 18 U.S.C. § 1839(3).


It is so stipulated and agreed by the undersigned parties:

/s/ Frank D. Eaman (w/consent)
FRANK D. EAMAN
Attorney For Yu Qin

/s/ Robert M. Morgan (w/consent)
ROBERT M. MORGAN
Attorney For Shanshan Du


Cathleen M. Corken
CATHLEEN M. CORKEN
Assistant United States Attorney

Date: Sept. 23, 2010




**SO ORDERED, this 23rd  day of September, 2010.**



s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
United States District Judge

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**                    **CRIMINAL NO. 10-20454**

    **Plaintiff,**                    **HON. MARIANNE O. BATTANI**

                                               **AFFIDAVIT AGREEING TO BE**
**-vs-**                                          **BOUND BY PROTECTIVE ORDER**
                                               **RESTRICTING DISCLOSURE OF**
**D-1 YU QIN,**                                   **CONFIDENTIAL INFORMATION**
  **aka Yu Chin,**

**and**

**D-2 SHANSHAN DU,**
  **aka SHANNON DU,**

    **Defendants.**

_____/

STATE OF MICHIGAN   )
                        ) ss:
COUNTY OF _____)

_____ having been duly sworn according to law upon

his/her oath deposes and says:

1.      I acknowledge that I have received a copy of the Stipulated Protective Order

dated _____, 2010, entered in this case, and I have read,

understand, and agree to be bound by it.

2.      I understand that violation of the terms of the Stipulated Protective Order

may be punished as contempt of court.

3.      I hereby agree to submit to the jurisdiction of the United States District

Court for the Eastern District of Michigan in connection with all issues,

disputes, or other matters pertaining to the Stipulated Protective Order

including for the purpose of enforcement of the terms of the Stipulated

Protective Order and the punishment of any violation thereof.

By: _____

Name: _____

Address: _____

_____

Sworn and subscribed to before me this
_____ day of _____, 2010

_____
Notary Public

11