UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Case No. 2:10-cr-20454
                                            Hon. Marianne O. Battani

YU QIN, D-1

And

SHANSHAN DU, D-2
_____/

**DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT**

       The defendants, Yu Qin and Shanshan Du, ask this court to dismiss the indictment, on the grounds that the defendant's due process rights have been violated by the length of time between the complaint originally filed against the defendants and the indictment of the defendants. The defendants request an evidentiary hearing to make a record of the reasons for the delay and so the defendants can establish the prejudice to the defendants by the delay. This motion is based on the brief in support.

| | |
|---|---|
|   /s/Frank D. Eaman |   /s/Robert M. Morgan(w/permission) |
| Frank D. Eaman (P13070) | Robert M. Morgan (P 23144) |
| Attorney for Defendant Yu Qin | Attorney for Defendant Shanshan Du |
| Frank D. Eaman PLLC | 525 Griswold St., Suite 1125 |
| 645 Griswold St., Suite 3060 | Detroit, MI 48226 |
| Detroit, MI 48226 | 313-961-7070 |
| 313-962-7210 | morgancrdefense@ameritech.net |
| eaman@eamanlaw.com | |

Dated: November 22, 2010

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 2:10-cr-20454
                                    Hon. Marianne O. Battani

YU QIN, D-1

And

SHANSHAN DU, D-2
_____/

**BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT**

The defendants are charged in a multi-count indictment with conspiracy to possess trade secrets without authorization, unauthorized possession of trade secrets, in violation of 18 U.S.C. § 1832(a), use of wire transactions in a fraudulent scheme, in violation of 18 U.S.C. § 1843, obstruction of justice (as to defendant Yu Qin only), in violation of 18 U.S.C. § 1512(c)(1), and with a count claiming a right to forfeit two parcels of real estate, pursuant to 18 U.S.C. § 981, 1834, and 2323, and 28 U.S.C. § 2461. The dates of the conspiracy are alleged to be from December 9, 2003, to May 23, 2006; the dates of the possession charges are alleged to be between March 10, 2004 to May 23, 2006, the dates of the wire fraud charges are alleged to be in August of 2005, and the date of the obstruction of justice offense is alleged to be May 23, 2006.

The obstruction of justice charge was previously brought against both defendants, by complaint on or about May 26, 2006. A copy of the complaint can be found in Case

No. 06-30281 in the Eastern District of Michigan. According to the docket entries of that case, Qin and Du were arrested, arraigned, and released on bond on or about May 26, 2006. The complaint was subsequently dismissed by motion of the government pursuant to Fed. R. Crim. P. 48(a) filed on or about June 12, 2006. The dismissal of the complaint on July 11, 2006, was without waiver of the defendants' rights under the Speedy Trial Act.

The indictment in this case was not returned until July 21, 2010, over four years after the dismissal of the complaint.

The Speedy Trial Act, 18 U.S.C. § 3162, provides that where a complaint has been filed against an individual, an indictment or information must be filed within the time limit set by 18 U.S.C. § 3161(b), or the charge against the individual must be dismissed. Section 3161(b) provides that the government has thirty days to indict a person after arresting him, with a maximum of sixty days if there is an issue as to a sitting grand jury. 18 U.S.C. § 3161(h) contain exceptions to the thirty-day rule, but none of the exceptions listed are applicable to this case.

In *United States v. Turner*, 602 F.3d 778, 783 (6th Cir. 2010), the Sixth Circuit reversed two convictions of a defendant because the indictment following a complaint took longer than the Speedy Trial Act permits. In *Turner*, there had been a waiver of the rights under the Speedy Trial Act executed by counsel for the defendant, and there was an applicable exception to the act which applied as well. However, the court found that the district court had erred when it found that there was no violation of the time period between the charges filed by complaint and the resulting indictment, relying on *United States v. Tinklenburg*, 579 F.3d 589 (6th Cir. 2009. There was a period of excludable

delay in *Turner*, but since "the remaining period includes more than thirty days, the Act requires us to dismiss the charges" that were filed in the original complaint.

In this case, however, to avoid the application of the Speedy Trial Act, the government filed a motion to dismiss the complaint. The motion was explicit that its purpose was to avoid the application of the Speedy Trial Act. (See Government Motion to Dismiss in Case No. 06-30281) When charges are not pending, the Speedy Trial Act does not govern. Instead the court must look to see if the delay in bringing a second charge violated the due process rights of the defendant. *United States v. McDonald*, 456 U.S. 1 (1982); *United States v. Lovasco,* 431 U.S. 783 (1977). It is a violation of due process if the delay was unnecessary, or for an improper purpose, and the defendant was prejudiced.

Since the government had sufficient information to charge the defendants with obstruction of justice in 2006, there cannot be a legitimate reason for any delay in charging that offense. As to the other offenses charged, the search warrant affidavit filed in May of 2006 (attached to the defendants' motion to suppress evidence filed contemporaneously with this motion) lays out the government's case as to the other charges in this indictment. In other words, the government had all the evidence it needed to charge the defendants in 2006.[1]

As to prejudice to the defendants, the defendants know, on information and belief, that at least two witnesses that would have been witnesses to the defense, Larry Jiang[2]

---

[1] In fact, the search warrant was executed at the homes of the defendants and records were seized. The records that were left behind during the search were then allegedly destroyed, which led to the obstruction of justice charge. One wonders why, if the documents were relevant, they weren't taken when the search warrant was executed.

[2] The search warrant executed at the homes of the defendants was also executed at the home of Larry Jiang, and evidence was seized from Jiang, but the government has not yet provided an opportunity to review this evidence. A request to the government is pending.

4

and Randy Meng, who would have testified that the defendants were not utilizing any GM information for any other products made by the defendants' company, Millenium Technologies International (MTI), have now left the country and are believed to be residing in China.  Another prong of prejudice that the defendant has suffered is that the government placed liens on the houses of Qin and Du, and when they tried to sell the Davis Court house, the government would only permit the sale if the proceeds were paid to the government.  The government has been holding the proceeds from the sale of that house since 2006.

The lengthy and blatant delay from the time of the arrest of the defendants to the indictment must result in a dismissal of this indictment with prejudice.  In order to establish the factors evaluated by the courts in *United States v. McDonald* and *United States v. Lovasco*, an evidentiary hearing is necessary.

|  |  |
|---|---|
|   /s/Frank D. Eaman |   /s/Robert M. Morgan(w/permission) |
| Frank D. Eaman (P 13070) | Robert M. Morgan (P 23144) |
| Attorney for Defendant Yu Qin | Attorney for Defendant Shanshan Du |
| Frank D. Eaman PLLC | 525 Griswold St., Suite 1125 |
| 645 Griswold St., Suite 3060 | Detroit, MI 48226 |
| Detroit, MI 48226 | 313-961-7070 |
| 313-962-7210 | morgancrdefense@ameritech.net |
| eaman@eamanlaw.com |  |

Dated: November 22, 2010

5

CERTIFICATE OF SERVICE

      I hereby certify that on the date below I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                Cathleen Corken
                Assistant United States Attorney
                Attorney for the United States

                Stanley J. Janice
                Assistant United States Attorney
                Attorney for the United States

                Robert M. Morgan
                Attorney for Defendant Shanshan Du

  /s/ Frank D. Eaman                              Dated November 22, 2010
Frank D. Eaman (P 13070)
Frank D. Eaman, PLLC
Suite 3060
645 Griswold St.
Detroit, MI 48226
(313) 962-7210
eaman@eamanlaw.com