UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                        Case No. 2:10-cr-20454
                                          Hon. Marianne O. Battani

YU QIN, D-1

And

SHANSHAN DU, D-2
_____/

**DEFENDANT'S JOINT ANSWER TO GOVERNMENT'S MOTION TO AMEND THE INDICTMENT**

*Issue Presented:* **Can the government unilaterally amend a grand jury indictment and change the substance of the charges?**

*Controlling Authority:*       *United States v Combs*, 369 F.3d 925, 935-936 (6th Cir. 2004)
                                       *United States v Field*, 875 F.2d 130, 133 (7th Cir. 1989)

       The government seeks to substantially and materially amend the indictment in this case, omitting the grounds for charges that the grand jury returned in this case, specifically, eliminating some of the items claimed as "trade secrets" in the indictment. The grand jury's indictment was based on the sworn presentation of a government agent as to what items in the possession of the defendants were, in fact, GM trade secrets. The FBI agent's presentation was presumably predicated upon statements by various GM employees.

       The amended indictment that the government seeks to file drops several items charged as trade secrets from both the conspiracy and substantive count (eight (8) in Count One and six (6) in Count Three). The grand jury had found that all of these items were trade secrets.

1

Basically, the United States Attorney cannot unilaterally amend a grand jury indictment, nor can the trial court. As stated eloquently by two cases, to amend the indictment is a violation of the defendants' constitutional rights.

In *United States v Field*, 875 F.2d 130, 133 (7th Cir. 1989), the court permitted an amendment which merely changed the serial numbers of items mentioned in the indictment, because it was a correction of a typographical error:

> In certain circumstances, the district court commits reversible error when it allows an indictment to be amended at trial. *United States v. Galiffa,* 734 F.2d 306, 311 (7th Cir.1984), *cert. denied,* 474 U.S. 1032, 106 S.Ct. 592, 88 L.Ed.2d 572 (1985). Only a grand jury, and not a trial court, can materially amend a criminal indictment. *United States v. Nicosia,* 638 F.2d 970, 976 (7th Cir.1980),*cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). The purpose of the presentment clause in this respect is twofold. First, it entitles a defendant to be in jeopardy only for offenses charged by a group of his fellow citizens acting independently of either the prosecutor or the judge.*Stirone v. United States,* 361 U.S. 212, 217-19, 80 S.Ct. 270, 273-74, 4 L.Ed.2d 252 (1960). Second, it entitles a defendant to be apprised of the charges against him, so that he knows what he must meet at trial. *Hagner v. United States,* 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932).
>
> \* \* \* \*
>
> Judicial amendments of an indictment, however, are permitted as to matters of form or surplusage. *United States v. Muelbl,* 739 F.2d 1175, 1179 (7th Cir.1984), *cert. denied,* 469 U.S. 982, 105 S.Ct. 388, 83 L.Ed.2d 322 (1984). In general, amendments to an indictment will be allowed to stand if they do not "change an 'essential' or 'material' element of the indictment so as to cause prejudice to the defendant." *Cina,* 699 F.2d at 857 (citations omitted). This includes the "correction of obvious clerical or typographical errors in the indictment." *United States v. Skelley,* 501 F.2d 447, 453 (7th Cir.), *cert. denied,* 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974). In *Skelley,* this court upheld the district court's grant of the Government's motion to strike the incorrect fictitious serial numbers of counterfeit bills alleged in the indictment in that case.

In *United States v Combs*, 369 F.3d 925, 935-936 (6th Cir. 2004), the Sixth Circuit found that the court's jury instructions impermissibly amended an indictment, and that amendment of

an indictment results in reversal of a conviction. The court noted the importance that charges be returned by a grand jury:

> A grand jury's indictment protects three constitutional due process rights, namely: the Sixth Amendment's right to fair notice of the criminal charges against which one will need to defend; and the Fifth Amendment's dual protections against twice placing a defendant in jeopardy for the same offense, and holding the defendant to answer for crimes not presented to or indicted by a grand jury.*United States v. Pandilidis,* 524 F.2d 644, 648 (6th Cir.1975). Accordingly, "the rule preventing the amendment of an indictment should be applied in a way that will preserve these rights from invasion; where these rights are not threatened, rules governing indictments should not be applied in such a way as to defeat justice fairly administered." *Id.*
>
> This court recognizes two forms of modification to indictments: amendments and variances. Amendments occur "when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed on them." *United States v. Ford,* 872 F.2d 1231, 1235 (6th Cir.1989) (citations omitted). **Amendments are considered prejudicial per se, warranting reversal of a conviction, because they "directly infringe upon the fifth amendment guarantee" to hold a defendant answerable only for those charges levied by a grand jury.** *Id.* Variances, however, occur "when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materiallydifferent from those alleged in the indictment" and are not reversible error unless the defendant can prove it prejudiced his defense. *Id. See also United States v. Hathaway,* 798 F.2d 902, 910-11 (6th Cir.1986) (citations omitted). Between these distinctions lies a more subtle modification to the indictment, a constructive amendment, which is what the government argues occurred here. Constructive amendments are variances occurring when an indictment's terms are effectively altered by the presentation of evidence and jury instructions that "so modify essential elements of the offense charged that there is a substantial likelihood the defendant [was] convicted of an offense other than that charged in the indictment." *Hathaway,* 798 F.2d at 910. *See also United States v. Beeler,* 587 F.2d 340 (6th Cir.1978).
>
> Applying these precepts to Combs's case, we conclude that an impermissible amendment of Count IV of the indictment occurred. Though indicted on a charge of unlawful possession of a firearm under § 924(c), he was nevertheless convicted of a different offense-unlawful use and carrying of a firearm. We categorize this as an indictment "literally altered" by the court, constituting per se prejudice to the defendant.

(emphasis added)

Here, the government seeks to avoid their witnesses being impeached by inconsistent and contradictory statements as to what is a trade secret in this case, to "cover up" their mistaken representations to a grand jury, which resulted in this indictment. The amendment seeks to allow them to mislead the jury as well as to insulate both FBI agents and GM employees from cross-examination.

The request to substantially amend the indictment should be denied. Only a grand jury could amend. If this case were re-presented to a grand jury to seek a new indictment, it is possible that a grand jury might not indict, given the history of this case, and the substantial substantive revisions requested by the government.

RELIEF REQUESTED

The defendants request that this court deny the government's motion to amend the indictment.


| /s/Frank D. Eaman | /s/Robert M. Morgan(w/permission) |
| --- | --- |
| Frank D. Eaman | Robert M. Morgan |
| Attorney for Defendant Yu Qin | Attorney for Defendant Shanshan Du |
| Frank D. Eaman PLLC | 525 Griswold St., Suite 1125 |
| 645 Griswold St., Suite 3060 | Detroit, MI 48226 |
| Detroit, MI 48226 | 313-961-7070 |
| 313-962-7210 | morgancrdefense@ameritech.net |
| eaman@eamanlaw.com | |

Dated: October 29, 2012

CERTIFICATE OF SERVICE

  I hereby certify that on the date below I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Cathleen Corken
Assistant United States Attorney
Attorney for the United States

Michael Martin
Assistant United States Attorney
Attorney for the United States

Robert M. Morgan
Attorney for Defendant Shanshan Du


| | |
|---|---|
|   /s/ Frank D. Eaman | Dated October 29, 2012 |

Frank D. Eaman (P 13070)
Frank D. Eaman, PLLC
Suite 3060
645 Griswold St.
Detroit, MI 48226
(313) 962-7210
eaman@eamanlaw.com