**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**         **CRIMINAL NO. 10-20454**

              **Plaintiff,**         **HON. MARIANNE O. BATTANI**

**v.**

**D-1  YU QIN,**
 **aka YU CHIN,**
**and**
**D-2  SHANSHAN DU,**
 **aka SHANNON DU,**

              **Defendants.**
_____

### STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its undersigned attorneys, together with defendant Yu Qin, his attorney Frank D. Eaman, defendant Shanshan Du, and her attorney Robert M. Morgan hereby submit this Stipulated Preliminary Order of Forfeiture:

1.      WHEREAS, an Indictment was filed on July 22, 2010, which charged defendant Yu Qin and defendant Shanshan Du (hereinafter collectively referred to as "defendants") with conspiracy to possess trade secrets without authorization, in violation of 18 U.S.C. § 1832(a)(5), two counts of unauthorized possession of trade secrets, in violation of 18 U.S.C. §§ 1832(a)(3) and 2, and three counts of wire fraud, in violation of  18 U.S.C. § 1343.  Defendant Yu Qin was also charged with obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1).

2.      WHEREAS, the Indictment sought criminal forfeiture pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461, and 18 U.S.C. §§ 1834 and 2323 of any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of defendants' violations of 18 U.S.C. §§ 1343 and 1832, and/or any property used, or intended to

be used, in any manner or part to commit or facilitate the commission of an offense under 18 U.S.C. § 1832.

3.      WHEREAS, defendants acknowledge that if either of them or both of them were to be found guilty of one or more of Counts One through Three of the Indictment, the government would have elected to seek the forfeiture of the specific assets listed in the Forfeiture Allegations contained in the Indictment as property used, or intended to be used, in any manner or part to commit or facilitate the commission of the offense(s).

4.      WHEREAS, defendants also acknowledge that if either of them or both of them were to be found guilty of one or more of Counts One through Six of the Indictment, the government would have elected to seek a forfeiture money judgment in an amount which constitutes the value of the benefit obtained as result of the offense(s).  Defendants acknowledge that they would be jointly and severally liable for any money judgment imposed against them.

5.      NOW THEREFORE, based upon the defendants' acknowledgment of criminal forfeiture proceedings and the information in the record, the defendants hereby agree that upon conviction of either defendant or both defendants on one or more of the violations charged in Counts One, Two or Three of the Indictment, to the entry of this Stipulated Preliminary Order of Forfeiture, and agree that the following property WILL HEREBY BE FORFEITED to the United States for disposition in accordance with the law, and any right, title or interest of the defendants, and any right, title or interest of their heirs, successors or assigns, have or may have in the property WILL HEREBY AND FOREVER BE EXTINGUISHED:

  •    Two Hundred Seventy Nine Thousand, Four Hundred, Six Dollars and Fifty
       Cents ($279,406.50) in U.S. Currency in lieu of the real property located at 4905
       Davis Court, Troy, Michigan, more fully described as:

        T2N, R11E, SEC 14 Hartford Square Sub
        Lot 35 4-9-88 FR 001
        Parcel ID: 20-14-126-009.

6.     Based upon the defendants' acknowledgment of criminal forfeiture proceedings and the information in the record, the defendants hereby agree that if either of the defendants is not convicted on one or more of the violations charged in Counts One, Two or Three of the Indictment, but either defendant or both defendants are convicted on one or more of the violations charged in Counts Four, Five or Six of the Indictment, to entry of this Stipulated Preliminary Order of forfeiture granting a forfeiture money judgment against the convicted defendant(s) in the amount of $279,406.50 in favor of the United States to be satisfied with the following property:

- Two Hundred Seventy Nine Thousand, Four Hundred, Six Dollars and Fifty Cents ($279,406.50) in U.S. Currency in lieu of the real property located at 4905 Davis Court, Troy, Michigan, more fully described as:

        T2N, R11E, SEC 14 Hartford Square Sub
        Lot 35 4-9-88 FR 001
        Parcel ID: 20-14-126-009.

7.     The defendants acknowledge that the United States is authorized by statute to seek the forfeiture of substitute assets up to the value of the property described in the Indictment, if, by any act or omission of one or more of the defendants, the property described in Paragraphs 5 and 6 of this Stipulated Preliminary Order of Forfeiture:  cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party;  has been placed beyond the jurisdiction of the court;  has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

8.     The parties agree that this Stipulated Preliminary Order of Forfeiture will not be

3

entered or published until one defendant or both defendants are convicted on one or more of the violations charged in Counts One through Six of the Indictment.

9.      In consideration for defendants agreement to the forfeiture of the above referenced $279,406.50, upon this Stipulated Preliminary Order of Forfeiture becoming the final order of forfeiture, the United States agrees that it will (a) not seek any further forfeiture money judgment in this criminal matter, (b) not seek to forfeit the real property located at 1850 New Castle Drive, Troy, Michigan or any additional assets from defendants in a parallel civil forfeiture proceeding pertaining to the offenses charged in the Indictment in this case, and (c) have recorded a withdrawal of the Affidavit and Notice of Lis Pendens that were recorded in connection with the real property located at 1850 New Castle Drive, Troy, Michigan,.

10.     The defendants expressly waive their rights to have a jury determine the forfeitability of their interests in the property identified in Paragraph 5 of this Stipulated Preliminary Order of Forfeiture as provided by Rule 32.2 of the Federal Rules of Criminal Procedure, agree not to contest the forfeiture of the property identified in Paragraph 5 of this Stipulated Preliminary Order of Forfeiture, agree not to assist anyone else in contesting the forfeiture of the property identified in Paragraph 5 above, and agree not to contest the entry of a money judgment against either or both defendants pursuant to Paragraph 6 of this Stipulated Preliminary Order of Forfeiture.

11.     If one or both of the defendants are convicted of the counts enumerated in this agreement, and if the forfeiture issue were presented to a jury, the Government could prove by a preponderance of the evidence that there is a substantial nexus between the violations charged in Counts One, Two and Three of the Indictment and the property identified in Paragraph 5 of this

Stipulated Preliminary Order of Forfeiture, and defendants agree not to contest this finding.

12.     Upon entry of this Stipulated Preliminary Order of Forfeiture by the Court with regard to the property forfeited pursuant to Paragraph 5 above, the United States shall publish notice of this preliminary forfeiture order and of its intent to dispose of the property identified in Paragraph 5 of this Stipulated Preliminary Order of Forfeiture in accordance with Federal Rule of Criminal Procedure Rule 32.2(b)(6), in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said notice shall direct that any person other than the defendants asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

13.     Following the Court's disposition of all petitions filed, if any, and upon proof of publication and notice to any persons known to have alleged an interest in the property identified in Paragraph 5 above, the United States shall have clear title to the property identified in Paragraph 5 of this Stipulated Preliminary Order of Forfeiture and the Attorney General, the United States Marshal's Service, the Federal Bureau of Investigation, and/or their delegate(s) are

authorized to dispose of the forfeited assets in accordance with law, and may warrant good title to any subsequent purchaser or transferee.

14. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Stipulated Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

15. In the event that the entry of this Stipulated Preliminary Order of Forfeiture is with regard to the forfeiture money judgment pursuant to Paragraph 6 above, the forfeiture in this action consists only of a money judgment and therefore no ancillary proceeding is required.

16. In entering into this Stipulated Preliminary Order of Forfeiture, the defendants knowingly, voluntarily, and intelligently waive any challenge to the forfeitures described in Paragraphs 5 and 6 above, based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

17. Defendants specifically acknowledge that upon conviction on one or more of the violations charged in Counts One, Two and Three of the Indictment, the funds identified in Paragraph 5 of this Stipulated Preliminary Order of Forfeiture are subject to forfeiture pursuant to federal law.

18. Should the defendants appeal their conviction(s) in this case, the Government will agree to stay the execution of the Final Order of Forfeiture to ensure that the forfeited property remains available pending appellate review. Such a stay would not delay any ancillary proceedings as to the determination of any third party's rights or interest, consistent with Federal Rule of Criminal Procedure 32.2(d). If the Court rules in favor of any third party while an

6

appeal is pending, the Court may amend the Order of Forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendants consent in writing or on the record.

19.     Each of the parties to this Stipulation have discussed the forfeiture issues with their respective counsel, and fully understand the terms and conditions of, and the consequences of entering into, this Stipulated Preliminary Order of Forfeiture.  The parties agree that each shall bear their own costs in this matter.

20.     The United States and the defendants acknowledge that this Stipulated Preliminary Order of  Forfeiture may be executed simultaneously or in two or more counterparts each of which shall be deemed an original and all of which, taken together, shall constitute one and the same instrument.

21.     The United States District Court shall retain jurisdiction in this case for the

purpose of enforcing this Order.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney


s/Linda Aouate                                    s/with consent Frank D. Eaman
Linda Aouate (P-70693)                            Frank D. Eaman (P-13070 )
Assistant United States Attorney                  Attorney for Defendant Yu Qin
211 W. Fort Street, Suite 2001                    Frank D. Eaman PLLC
Detroit, MI 48226                                 645 Griswold St., Suite 3060
(313) 226-9587                                    Detroit, MI 48226
linda.aouate@usdoj.gov                            (313) 962-7210
                                                  eaman@eamanlaw.com
Dated: November 13, 2012                          Dated: November 13, 2012



s/with consent Robert M. Morgan                   See attached signature page
Robert M. Morgan (P-23144)                        YU QIN
Attorney for Defendant Shanshan Du
525 Griswold St., Suite 1125                      Dated: November 13, 2012
Detroit, MI 48226
(313) 961-7070
 morgancrdefense@ameritech.net
Dated: November 13, 2012



See attached signature page
SHANSHAN DU

Dated: November 13, 2012



*****************************

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
Dated: December 4, 2012                 HONORABLE MARIANNE O. BATTANI
                                        United States District Judge

21.    The United States District Court shall retain jurisdiction in this case for the

purpose of enforcing this Order.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

Linda Aouate (P-70693)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9587
linda.aouate@usdoj.gov

Dated: 11/13/12

Robert M. Morgan (P-23144)
Attorney for Defendant Shanshan Du
525 Griswold St., Suite 1125
Detroit, MI 48226
(313) 961-7070
morgancrdefense@ameritech.net
Dated: 11/13/12

SHANSHAN DU

Dated: 11/13/12

Frank D. Eaman (P-13070 ;
Attorney for Defendant Yu Qin
Frank D. Eaman PLLC
645 Griswold St., Suite 3060
Detroit, MI 48226
(313) 962-7210
eaman@eamanlaw.com
Dated: 11/13/12

YU QIN

Dated: 11/13/12

************************************

IT IS SO ORDERED.

Dated: _____          HONORABLE MARIANNE O. BATTANI
                                  United States District Judge

8

9

10