UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  CRIMINAL NO. 10-20454

        Plaintiff,  HON. MARIANNE O. BATTANI

v.

D-1  YU QIN,

D-2  SHANSHAN DU,

        Defendants.

_____ /

## GOVERNMENT'S MOTION TO PRECLUDE CONSIDERATION OF DEFENDANT DU'S POLYGRAPH EXAMINATION

The government hereby moves to preclude the defendants from introducing any evidence related to a polygraph examination of defendant Du at sentencing because the polygraph examination is unreliable.

### BACKGROUND

Defendant Du attaches to her sentencing memorandum a report summarizing the results of a polygraph examination that defendant Du took on February 25, 2013, a few months after she was convicted by a jury for stealing trade secrets from General Motors. The polygraph examination was administered by a private consulting company, was based solely on "background information" provided by

defendant Du's attorney, and only three of the questions asked were revealed in the report.[1] Defendant Du did not inform the government of the polygraph examination prior to its administration; nor did defendant Du seek the government's participation in the examination in any way.

## ARGUMENT

"Unilaterally obtained polygraph evidence is almost never admissible" at a sentencing hearing. *United States v. Thomas,* 167 F.3d 299, 309 (6th Cir. 1999). In *Thomas,* a jury found the defendant guilty of transporting marijuana. *Id.* at 301. Before his sentencing hearing, Thomas took a private polygraph examination. The polygraph results "supposedly exculpated him from involvement in the 1,000 pound marijuana shipment." *Id.* at 308. He then filed a motion to admit the polygraph at sentencing. The district court denied his "request to admit the polygraph results at the sentencing hearing." *Id.* at 303.

On appeal, the Sixth Circuit affirmed. The court explained that "the results of a polygraph are inherently unreliable." *Id.* The unreliability is magnified where the test is "administered by an examiner hired by [the defendant]," and where the defendant does not "inform the government of his test results until after he had

---

[1] Those questions were: "Did you know that Qin had backed up some GM information on the MTI/Hard Drive?"; "At the time did you know that Qin had a plan for a hybrid car venture with Cherry Motors?"; "Did you agree with Qin about throwing the documents in the dumpster that day?".

taken the examination." *Id.* at 309.  The court pointed out that the government "has no way of ascertaining whether this was the first polygraph examination administered to Thomas." *Id.*  Nor could the government "assist in the formulation of [polygraph] questions or counter with questions about what Thomas *did* do in terms of trafficking marijuana and other controlled substances." *Id.*  Furthermore, the court stated that "considering that the polygraph was administered more than three years after the events for which Thomas was questioned, the reliability of the test results is all the more dubious." *Id.*

Moreover, the court explained that "in the absence of a prior agreement between the parties that the results of an examination would be admissible, the probative value of the polygraph is substantially less because the defendant would have no adverse interest at stake in the polygraph." *Id.*

The court made clear that, "[g]iven these circumstances, not only was it within the district court's discretion to refuse to hold an evidentiary hearing on the examination, but admitting the polygraph results would have been subject to reversal by this court." *Id.*  Other circuits have reached the same conclusion.  *See, e.g.*, *United States v. Duverge Perez,* 295 F.3d 249, 254 (2d Cir. 2002) (affirming district court's exclusion of polygraph test from sentencing); *United States v. Ortega,* 270 F.3d 540, 548 (8th Cir. 2001) ("We note that most courts of appeal

that have considered the issue of admissibility of polygraph evidence at sentencing have upheld refusals to admit such evidence.").

The same principles apply here. Polygraph tests are inherently unreliable. A test's reliability is further undermined where it is administered by a private party, without any cooperation from the government. Indeed, defendant Du did not inform the government that she was taking a polygraph. The government has no way of knowing whether this was defendant Du's first polygraph; nor did the government have the opportunity to attend the testing or suggest questions. The examiner administered the test seven years after the actions underlying the offense occurred – further eroding any reliability. The examiner based his questions on "background information" provided solely by defendant Du's attorney. Furthermore, defendant Du had no adverse interest at stake in the polygraph test: if the result was positive, she can argue it should be admitted; if the result was negative, she would never have to inform the government of the result.

Moreover, the polygraph results are directly contradicted by witness testimony at trial that Mrs. Du "said that she had downloaded the information from her GM computer to a flash drive or thumb drive and from there she had downloaded it to the hard drive." Trail Transcript, 11/27/12, at 67. And it is directly contradicted by Mrs. Du's own testimony in a civil case in 2006. In that

4

proceeding, she explained exactly how she uploaded the files to the external hard-drive.  *See* Government's Sentencing Memorandum, Docket No. 185, at 50.  That testimony, in addition to being under oath, was made shortly after the events that form the basis for this prosecution.

## CONCLUSION

In short, the polygraph examination is neither reliable nor probative, and should not be used at the sentencing hearing.

    Respectfully submitted,

    BARBARA L. MCQUADE
    United States Attorney

    s/ Cathleen M. Corken
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI  48226
    Phone: (313) 226-9100
    Email:Cathleen.Corken@usdoj.gov

    s/ Michael C. Martin
    Assistant U.S. Attorney
    211 West Fort Street, Suite 2001
    Detroit, Michigan 48226
    Phone: (313) 226-9100
    Email: Michael.C.Martin@usdoj.gov

Dated: April 29,  2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Frank D. Eaman
>Robert M. Morgan

>s/ Lindsay Black
>LINDSAY BLACK
>Senior Legal Assistant